Connolly, J.
This civil action first came on before this Court (Connolly, J.) at a hearing on defendants’ Motion for Summary Judgment on January 16, 1997. After hearing, said motions were denied. The Court then asked counsel whether this civil action, commenced in 1993, was ready for trial. Counsel answered in the affirmative. Thereon, the Court set a trial date for April 14, 1997.
At said hearing, it was pointed out by counsel that the parents, Mr. & Mrs. West, were in the courtroom. This case involves allegations that the death of their young daughter, Serena, was caused by the negligence of the defendants. At the end of said hearing, the Court indicated its sympathy to both parents due to the death and loss of their daughter. Nothing was said concerning any liability or responsibility of defendants for the death of Serena. The Court was merely expressing its sympathy and empathy to the parents for their tragic loss of their young child. Said hearing was not on the stenographic record.
On March 4, 1997, defendants’ counsel, Attorney Mary M. Sullivan, filed this Defendants’ Motion for Recusal of Trial Judge, moving in part, “that the trial judge in this case, Connolly, J. recuse himself from all further proceedings in this case . . . and that Judge Connolly has placed himself‘in a position in which his impartiality might reasonably be questioned . . . [due to] a personal bias or prejudice concerning a party ...’” The Court was merely expressing (and not in the presence of any factfinder/jury) the feelings that nearly all American citizens would have for a mother and father who lost their young child. The civil action was continued, due to the engagement of counsel in other trials. On April 14, 1997, this Court held a hearing, on the stenographic records, on this Motion for Recusal of Trial Judge.
Supreme Judicial Court Rule 3:09 (Code of Judicial Conduct), and more specifically Section C covers this matter of disqualification. This Court has no personal bias or prejudice of any kind for or against any party or counsel in this case. This is a jury case. The rule is discussed in detail in Parenteau v. Jacobson, 32 Mass.App.Ct. 97, 99 (1992), as follows:
Under art. 29 of the Massachusetts Declaration of Rights, judges are to be “as ‘free, impartial, and independent as the lot of humanity will admit.’ ”... Ordinarily, the question of disqualification is left to the discretion must be shown to reverse a decision not to allow recusal.
When confronted with a recusal motion, a judge [must] consult first his own emotions and conscience" to prejudice to ascertain if he is free from disabling bias or prejudice ... If the judge passes the internal test of freedom from disabling prejudice, he must next “attempt an objective appraisal of whether this was a proceeding in which ‘his impartiality might reasonably be questioned.’ ” Haddad v. Gonzales, supra, quoting from S.J.C. Rule 3:09, Canon 3(C)(1), 382 Mass. 811 (1981). Under the rule, “[cjircumstances where a judge’s impartiality might reasonably be questioned include instances where the judge ‘has a personal bias or prejudice concerning a party . . Id., quoting from S.J.C. Rule 3:09, Canon 3(C)(1)(a).
In this particular case, this justice has no bias or prejudice for or against any party in this case. Further, this judge, after objective appraisal ofwhether this was a proceeding in which his impartiality might reasonably be questioned, answers a definitive NO.
After hearing, defendants’ Motion for Recusal of Judge Thomas E. Connolly is DENIED.